IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01262-BNB

TERRY R. SANDMEIER,
        Plaintiff,

v.

CO. DIVISION OF WILDLIFE, now known as Co. Park & Wildlife,
        Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Terry R. Sandmeier, has filed *pro se* a Complaint (ECF No. 2) in which he contends that Defendant has violated his rights under the United States Constitution. He seeks damages as relief.

Mr. Sandmeier has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Mr. Sandmeier is seeking monetary relief from a defendant who is immune from such relief.  For the reasons stated below, the Court will dismiss the Complaint pursuant to § 1915(e)(2)(B)(iii).

The Court must construe the Complaint liberally because Mr. Sandmeier is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Sandmeier alleges that he was ticketed by a Colorado Division of Wildlife officer while guiding a client on a hunt in 2006.  Mr. Sandmeier ultimately was charged with three offenses in the County Court of Clear Creek County, Colorado.  On May 15, 2007, he entered a guilty plea to hunting out of season and the other charges were dismissed.  Mr. Sandmeier apparently claims in this action that his rights under the United States Constitution were violated because the potential penalties for the charges that were dismissed were so severe that they constitute cruel and unusual punishment and denied him due process.  Construing the Complaint liberally, it appears that Mr. Sandmeier asserts his claims against Defendant pursuant to 42 U.S.C. § 1983.

Although the precise claims Mr. Sandmeier is asserting against Defendant are not entirely clear, it is clear that Mr. Sandmeier may not sue Defendant in this action pursuant to § 1983.  Defendant is a division within the Colorado Department of Natural Resources.  *See* Colo. Rev. Stat. § 24-1-124(3)(k)(II)(A).  As a result, Defendant is protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

"It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and

2

congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity.  *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  Therefore, Mr. Sandmeier's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff is seeking relief from a Defendant who is entitled to immunity.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __21st__ day of ____May_____, 2012.

BY THE COURT:


   __s/Lewis T. Babcock_____
   LEWIS T. BABCOCK, Senior Judge
   United States District Court

3